**FALCONBRIDGE U.S., INC., Plaintiff,**

v.

**BANK ONE ILLINOIS, N.A., Defendant.**

No. 99 C 2714.

United States District Court, N.D. Illinois, Eastern Division.

Nov. 4, 1999.

David T. Rallo, Charles Frank Vihon, Arnstein & Lehr, Chicago, IL, for appellant.

Richard Scott Alesterda, Ungaretti & Harris Chicago, IL, for appellee.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

This case involves a priority dispute about a security interest. Falconbridge U.S., Inc. ("Falconbridge") had a valid perfected purchase money security interest, created in 1994, in some nickel products it delivered to Vic Supply ("Vic"), the debtor here, as well as the proceeds and products thereof. The nickel products were sold and resulted in accounts receivable. Bank One (formerly First Chicago) is Vic's primary lender and has a valid security interest in all of Vic's assets, including inventory and accounts. This security interest dates from at least the security agreement

(the "Agreement") here at issue, which was signed by Vic—though not by Bank One—on September 17, 1990.

The key issue in dispute is whether it matters that Bank One never signed the Agreement. If it does not, then Bank One's Agreement was perfected first, and it wins. Falconbridge contended that the failure to sign prevented the Agreement from attaching and so perfecting. The bankruptcy court disagreed. Falconbridge appeals, and I affirm.

By way of preliminary, I set aside Falconbridge's argument that the bankruptcy court improperly treated as admitted statements which it should have treated as denied merely because Falconbridge used the formula, "No basis on which to agree or disagree," instead of the more usual "... is without knowledge or information sufficient to form a belief as to the truth of the averment." Magic words are not as a rule required in federal notice pleading, and the formulations seem to me substantially equivalent. But I need not decide whether the bankruptcy court erred if it so decided because Falconbridge identifies no particular statement at issue as a material issue of fact for trial. In its reply brief it points to the question of whether Bank One's security interest was perfected, but the bankruptcy court did not treat that as admitted or it would not have engaged in legal analysis.

█ The question before me, then, is whether the bankruptcy court erred in holding a security interest that was not signed by the prior secured party attached and so was perfected. This is a purely legal issue. I review the legal determinations of the bankruptcy court de novo. *In re Krueger*, 192 F.3d 733, 737–738 (7th Cir.1999).

A security interest must attach to be perfected, and a security interest in accounts requires a security agreement. The Agreement at issue here provides that it "shall not become effective ... unless and until this agreement is accepted by the bank." Falconbridge argued that "accept-ed" must mean "signed," but the bankruptcy court reasoned that Bank One showed its acceptance of the Agreement by extending over $1 million in loans to Vic against the security of the nickel. It cited Illinois case law for the proposition that a party's signature is "unnecessary to create a binding agreement" where the party to be charged "signed the document" and the charging party "indicated acceptance through performance." *Meyer v. Marilyn Miglin, Inc.*, 273 Ill.App.3d 882, 210 Ill. Dec. 257, 652 N.E.2d 1233, 1239 (Ill.App. Ct.1995).

Falconbridge objects that the bankruptcy court improperly relied on parol evidence to explicate an unambiguous security agreement. *See In re Martin Grinding and Machine Works, Inc.*, 793 F.2d 592, 595 (7th Cir.1986). But first, the Agreement, while it is unambiguous, does not say what Falconbridge says it says, *viz.*, that it is effective only if *signed*. The Agreement says it is effective only if *accepted*, and in Illinois an agreement can be accepted by performance, as this one was. I agree with Falconbridge that it is "entitled to read and rely upon the security agreement as its language is presented on its face," but Falconbridge must also use its entitlements and actually read the Agreement. Having done so myself, I find for Bank One.

█ Second, evidence that Bank One performed the Agreement is not parol evidence. Parol evidence is evidence of agreements prior to or contemporaneous with the written contract to be construed. Arthur L. Corbin, *Corbin on Contracts* § 543, at 516 (one vol. ed.1952). Subsequent performance is neither itself an agreement nor an event prior to or contemporaneous with the making of this Agreement. The parol evidence rule, therefore, is not pertinent to this case.

The judgment of the bankruptcy court is AFFIRMED.